CLERK'S OFFICE
TRUE COPY CERTIFIED FROM THE RECORD

November 26, 2024

By: s/ Mark Ciamaichelo

Deputy Clerk, U.S. District Court
Eastern District of Pennsylvania

# United States District Court

for the

**Eastern District of Pennsylvania**

November 25, 2024

U.S.A. vs. <u>Jerry Chambers</u>                              Case No. 2:23CR000316-001

## VIOLATION OF SUPERVISED RELEASE

    COMES NOW <u>Matthew J. Wilson</u> SENIOR U.S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of <u>Jerry Chambers</u> who was placed on <u>supervised release</u> by <u>The Honorable Maryellen Noreika,</u> sitting in the Court at <u>Wilmington, Delaware,</u> on the <u>6</u><sup>th</sup> day of <u>July, 2022,</u> who fixed the period of supervision at <u>three years</u>, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| <u>ORIGINAL OFFENSE:</u> | Conspiracy to distribute a mixture and substance containing a detectable amount of heroin and fentanyl (Count One) |
| <u>ORIGINAL SENTENCE:</u> | The defendant was sentenced to the custody of the United States Bureau of Prisons, to be imprisoned for a total term of 23 months, to be followed by three years of supervised release. A $100.00 special assessment was imposed. |
| <u>SPECIAL CONDITIONS:</u> | 1) The defendant shall provide the probation officer with access to any requested financial information; 2) The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the probation officer; 3) The defendant shall participate in a drug treatment program, which may include testing and cognitive behavioral life skills training; 4) The defendant shall obtain his GED or high school diploma during the period of supervised release is the defendant has not already done so while in custody; 5) The defendant shall participate in the United States Probation Office's Workforce Development Program at the direction of the probation officer; 6) When note employed or excused by the probation officer for schooling, training, or other acceptable reasons, the defendant shall perform 20 hours of community service per week as directed by the probation office. |
| <u>TRANSFER OF JURISDICTION:</u> | On July 25, 2023, Jurisdiction of this case was transferred to the Eastern District of Pennsylvania and assigned at random to the calendar of the Honorable Gerald Austin McHugh. |

RE: Jerry Chambers  
Case No. 2:23CR000316-001

PARTICIPATION IN  
SPECIALTY COURTS:   Mr. Chambers began participation in the STRIDES program on August 24, 2023. Mr. Chambers ultimately left the STRIDES program on March 25, 2024, reporting that he was overwhelmed with his expectations in the program. At that time, he had earned four weeks of credit towards the 52-week goal.

VIOLATION OF  
SUPERVISED RELEASE:   On November 9, 2023, the Honorable Timothy J. Savage, acting in capacity as emergency Judge, signed a Violation of Supervised Release petition resulting in a warrant to detain Mr. Chambers based on local Delaware County charges related to domestic violence. On January 22, 2024, Your Honor signed a petition rescinding this petition after the charges were dismissed locally.

SUPERVISION  
COMMENCED:   June 1, 2023

SUPERVISION  
TERMINATES:   May 31, 2026

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of their supervision under such circumstances as may warrant revocation. These conditions are:

A.  Standard Condition #2: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

On August 23, 2024, this officer attempted to meet with Mr. Chambers at his employer, the Dollar Tree in Swarthmore, PA. He was not at work and could not be reached by phone.

On August 26, 2024, Mr. Chambers was reached via text message and he was instructed to report to this office on August 28, 2024, to meet with this officer and give a urine screening. However, on August 28, 2024, Mr. Chambers failed to report to this office as instructed and informed this officer that he had been helping his girlfriend get her car out of an impound lot.

On September 6, 2024, this officer attempted to contact Mr. Chambers at his job, no contact was made, and he could not be reached by his phone. His cell phone was not receiving voicemails at that time.

RE: Jerry Chambers
Case No. 2:23CR000316-001

On September 10th and 20th, 2024, this officer attempted home visits at Mr. Chambers' reported residence at 904 Madison Street in Chester, PA. No contact was made in either instance. This officer left messages on Mr. Chambers' voicemail on each occasion.

On October 9, 2024, this office sent a letter to Mr. Chambers' Chester, PA address as well as his previous Philadelphia, PA, address, instructing him to report to this office no later than October 23, 2024.

On October 22, 2024, this officer attempted to meet with Mr. Chambers at the reported address in Chester, PA. This officer met with the residents of this address in front of the home. They stated that Mr. Chambers did not live there and that they were not familiar with him.

On October 22, 2024, this officer went to Mr. Chambers' employer in Swarthmore. A staff member stated that there was no one working there by Mr. Chambers' name.

Mr. Chambers failed to report to this office on October 23, 2024, as directed by way of the October 9, 2024 letter.

On October 30, 2024, this officer attempted to make contact with Mr. Chambers at his previous address on 2559 Shields Street, in Philadelphia, to no avail. The property appeared to be abandoned, with broken windows as well as mail and trash strewn across the porch. This officer left a card in the door instructing Mr. Chambers to contact this officer.

On November 6, 2024, this officer left voicemails and sent text messages to all of Mr. Chambers' current and previous phone numbers instructing him to contact this officer immediately. This officer received no response.

On November 18, 2024, this officer sent an additional letter to Mr. Chambers' previous two reported residences at 904 Madison Street in Chester, as well as 2559 Shields Street, in Philadelphia. The letter stated that Mr. Chambers must report by the end of business on November 25, 2024, to avoid our office requesting violative action. No contact has been made at the time of writing.

As of this writing, Mr. Chambers' whereabouts are unknown.

**GRADE OF VIOLATION**                                                                                      <u>**C**</u>

B.    <u>Standard Condition #5:</u> You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living

RE: Jerry Chambers
Case No. 2:23CR000316-001

arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

As summarized in Paragraph A, Mr. Chambers current address and whereabouts are unknown.

**GRADE OF VIOLATION** <u>C</u>

C. <u>Special Condition #2:</u> The defendant shall participate in mental health treatment which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

Mr. Chambers has previously been scheduled for co-occurring treatment with the John F. Kennedy Mental Health (JFK) program in Philadelphia for outpatient treatment. His reporting to treatment has been a continual issue in his supervision.

Mr. Chambers last attended treatment appointment was on June 3, 2024, he arrived 30 minutes late for this appointment. He missed his next three treatment appointments, 2 on June 12, 2024, and one on June 17, 2024. Mr. Chambers failed to make any further appointments with JFK and their staff was unable to reach him until September of 2024, at which time our office discontinued our contract with JFK for Mr. Chambers' treatment.

Mr. Chambers has failed to provide any evidence of his mandated treatment with any other provider during this period of time.

**GRADE OF VIOLATION** <u>C</u>

D. <u>Special Condition #3:</u> The defendant shall participate in a drug treatment program, which may include testing and cognitive behavioral life skill training.

As stated above in Paragraph C, Mr. Chambers has not consistently attended his co-occurring treatment program at JFK. Mr. Chambers last confirmed treatment date was June 3, 2024.

RE: Jerry Chambers
Case No. 2:23CR000316-001

Mr. Chambers has failed to provide evidence of his mandated treatment with any other provider during this period of time.

**GRADE OF VIOLATION**                                                                 <u>C</u>

**PRAYING THAT THE COURT WILL ORDER...**   THE ISSUANCE OF A WARRANT DIRECTING THAT THE NAMED SUPERVISED RELEASEE BE ARRESTED AND BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING.

I declare under penalty of perjury that the foregoing is true and correct.

*Julia K Roberts*
Digitally signed by Julia Roberts
Date: 2024.11.26 11:09:01 -05'00'

Julia K. Roberts
Supervising U.S. Probation Officer
Place: Philadelphia, PA
Date: November 26, 2024

MJW
cc:   Assistant U.S. Attorney
      Defendant's Attorney
      U.S. Marshals Service-Warrant Squad

ORDER OF THE COURT

Considered and ordered this <u>  26th  </u> day of <u>  November  </u>, <u>  2024  </u> and ordered filed and made part of the records in the above case.

<u> /s/ Gerald Austin McHugh                    </u>
U.S. District Court Judge Gerald A. McHugh